UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cr-00185-JAR-ACL |
| | ) | |
| v. | ) | |
| | ) | |
| CAMERON C. ACOSTA, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO DISMISS

Comes now Defendant, Cameron C. Acosta, by and through counsel, and for his Motion to Dismiss, states to the Court as follows:

1. On June 12, 2021, Missouri Governor Mike Parson signed HB85 into law, establishing the Second Amendment Preservation Act in Missouri. This law became effective on the same date it was signed.

2. The Act provides as follows:

> Declares that laws, … or other actions that … restrict or prohibit … the ownership, and use of firearms, … exclusively within this State exceed the powers granted to the Federal Government …
>
> Declares that all federal … laws … court orders, … whether past, present or future, that infringe on the people's right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution and Article I, Section 23 of the Missouri Constitution must be invalid in this State, including those that … prohibit the possession, ownership, use … of a firearm.
>
> Declares that … no person, including a public officer or state employee of this State or any politic subdivision of this State, can have authority to enforce or attempt to enforce any federal laws, order, or rules infringing on the right to keep and bear arms.
>
> Specifies that any … person who knowingly acts under the color of any federal or state law to deprive a Missouri citizen of the rights or privileges ensured by the Federal and State Constitutions to keep and bear arms must be

    liable to the injured party for redress, including monetary damages in the amount of $50,000.00 per occurrence and injunctive relief.  Reasonable attorney fees and costs may be awarded to the prevailing party with specified exceptions.  The employer of the individual who is found liable is responsible for the civil penalty, attorney fees, and court costs associated with the litigation if the individual is found to have violated this Act.

  3.  The Act provides that it is not a violation for the public officers or state employees to provide material aid to federal prosecution for:

    Felony crimes against a person …; or

    Class A or Class B felony violations substantially similar to those found in Chapter 579 when such prosecution includes weapons violations substantially similar to those found in Chapter 570 or Chapter 571 **so long as such weapons violations are merely ancillary to such prosecution**. (emphasis own)

  4.  Mr. Acosta is charged in a three count indictment. Counts I and II allege the possession of a controlled substance with the intent to deliver.  Count III charges Mr. Acosta with possessing a firearm in furtherance of a drug trafficking crime.

  5.  The Applicant for the Affidavit and Search Warrant was Sergeant Jesse Drum who is with the Ripley County Sheriff's Department.

  6.  The Search Warrant was approved by the Honorable David Swindle who is an Associate Circuit Judge for Circuit Court of Ripley County, Missouri.

  7.  The Search Warrant was executed by members of the SEMO Drug Task Force, Missouri State Highway Patrol, and the Ripley County Sheriff's Department.

  8.  Mr. Acosta was interviewed by Sergeant Drum and Officer Johnston, both members of the Ripley County Sheriff's Department.

  9.  The analysis of the substances was performed by the Crime Laboratory Division for the Missouri State Highway Patrol.

10. The case against Mr. Acosta was originally filed in the Circuit Court of Ripley County, Missouri. Judge Swindle subsequently entered an order sustaining Mr. Acosta's Motion to Suppress Evidence and the case was dismissed.

11. This case has been investigated solely by public officers or state employees of this State and its political subdivision the Ripley County Sheriff's Department. These persons have no authority to enforce or attempt to enforce any federal laws, order, or rules infringing on Mr. Acosta's right to keep and bear arms.

12. The participation of public officers and state employees in this prosecution will deprive Mr. Acosta, a Missouri citizen, of his rights and privileges ensured by the Federal and State Constitutions to keep and bear arms and will subject these public officers and state employees to liability including monetary damages in the amount of $50,000.00 per occurrence, injunctive relief and payment of reasonable attorney fees.

13. The two exceptions found in this Act, cited in paragraph 3 of this motion, do not apply.

14. Mr. Acosta has not been charged with a felony crime against a person.

15. Mr. Acosta has not been charged with a weapons offense that is merely ancillary to this prosecution.

16. Webster's New Collegiate Dictionary defines ancillary as "subordinate" or "subsidiary". Mr. Acosta has been charged in Count III with possession of firearms in relations to a drug trafficking crime. If convicted, this offense carries with it a **mandatory** sentence of 5 years **consecutive** to any sentence rendered for convictions in Count I and II.

17. Counts I and II are relatively minor sentences in relation. The anticipated guideline sentence range for these offenses are less than two years and with a small downward variance, Mr. Acosta would have an opportunity for a sentence of probation or home detention.

18. Make no mistake, this case is **all** about the firearm charge. The firearm charge is **not** ancillary to the drug charges.

19. The U.S. Attorney's office does not have the ability to prove the elements of these offenses without the material aid of the public officers and state employees of Missouri which will subject them to substantial penalties under this Act.

20. Mr. Acosta is entitled to a dismissal of the indictment pending against him.

WHEREFORE, for the above-stated reasons, Defendant, Cameron C. Acosta, respectfully requests that the indictment pending against him be dismissed; that, in the alternative, the public officers and state employees who appear before this Honorable Court, be admonished regarding the potential application of this Act; and for such other relief as the Court deems proper in the circumstances.

Respectfully Submitted,

By:  /s/Curtis O. Poore
      Curtis O. Poore    #38067MO

**THE LIMBAUGH FIRM**
407 N. Kingshighway, Suite 400
P. O. Box 1150
Cape Girardeau, MO 63702-1150
Telephone:    573/335-3316
Fax:                573/335-0621
 curt@limbaughlaw.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 25, 2021 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to the attorneys of record in this case.

                                            /s/ Curtis O. Poore